## In re: HANNAFORD BROS. CO. CUSTOMER DATA SECURITY BREACH LITIGATION.

### MDL No. 1954.

United States Judicial Panel on Multidistrict Litigation.

June 9, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

---

1. Make-up Art Cosmetics (U.S.), Inc.; Make-up Art Cosmetics (New York), Inc.; M.A.C. Cosmetics, Inc.; and Make-up Art Cosmetics Inc.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in two actions pending in the District of Maine have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of seventeen actions: twelve pending in the District of Maine, three in the Middle District of Florida, and one each in the District of New Hampshire and the Northern District of New York, as listed on Schedule A.[1] All responding parties support centralization, and the majority support selection of the District of Maine as transferee district. Plaintiffs in a potential tag-along action pending in the Middle District of Florida, however, ask that the Panel centralize the litigation in that district.

After considering the argument of counsel, we find that these seventeen actions involve common questions of fact, and that centralization under Section 1407 in the District of Maine will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from of an intrusion into defendant Hannaford Brothers Co.'s computer network. Plaintiffs allege that as a result of that intrusion, the credit or debit card numbers and related financial information of a large number of consumers were compromised. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Maine is an appropriate transferee district

for pretrial proceedings in this litigation, because the large majority of the seventeen actions are already pending there. Moreover, Hannaford has its headquarters in that district, and thus relevant documents and witnesses may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maine are transferred to the District of Maine and, with the consent of that court, assigned to the Honorable D. Brock Hornby for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

MDL No. 1954 — **IN RE: HANNAFORD BROS. CO. CUSTOMER DATA SECURITY BREACH LITIGATION**

*Middle District of Florida*

*Jerzy Dobryniewski v. Delhaize America, Inc., et al.*, C.A. No. 2:08–235

*David Hurd v. Delhaize America, Inc., et al.*, C.A. No. 2:08–261

*Jackie Zumba v. Hannaford Bros. Co. et al.*, C.A. No. 8:08–565

*District of Maine*

*Melinda J. Ryan, et al. v. Delhaize America, Inc., et al.*, C.A. No. 1:08–86

*Greg Doherty v. Hannaford Bros. Co.*, C.A. No. 2:08–89

*Kathleen Wheeler v. Hannaford Bros. Co.*, C.A. No. 2:08–91

*Brian Bradbury v. Delhaize America, Inc., et al.*, C.A. No. 2:08–93

*Sam Micalizzi v. Delhaize America, Inc., et al.*, C.A. No. 2:08–94

---

**1.** The Panel has been notified of seven additional related actions. Those actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Leonard Assner, et al. v. Hannaford Bros. Co., et al.,* C.A. No. 2:08–95

*Marjorie Fischer, et al. v. Hannaford Bros. Co.,* C.A. No. 2:08–98

*Christine Tushin v. Hannaford Bros. Co.,* C.A. No. 2:08–103

*U. Nekol Pyle v. Hannaford Bros. Co.,* C.A. No. 2:08–104

*Christopher L. Grittani v. Hannaford Bros. Co., et al.,* C.A. No. 2:08–110

*Gail Wyman v. Hannaford Bros. Co., et al.,* C.A. No. 2:08–111

*Steve Termine v. Hannaford Bros. Co., et al.,* C.A. No. 2:08–112

*District of New Hampshire*

*Arline Nenni, et al. v. Hannaford Bros. Co.,* C.A. No. 1:08–106

*Northern District of New York*

*Todd Stevens v. Hannaford Bros. Co., et al.,* C.A. No. 1:08–341